IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSH CHRISTIANSON, Individually and on behalf of all others similarly situated, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3235 |
| | § | |
| NEWPARK DRILLING FLUIDS, LLC, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Conditional Certification and for Notice to Putative Class Members ("Motion") [Doc. # 19] filed by Plaintiff Josh Christianson. Defendant Newpark Drilling Fluids, LLC ("Newpark") filed an Opposition [Doc. # 24], Plaintiff filed a Reply [Doc. # 27], and Defendant filed a Sur-Reply [Doc. # 28]. Having carefully reviewed the record and the applicable legal authorities, the Court **denies** Plaintiff's Motion.

## I. BACKGROUND

Newpark in a corporation that provides products and services to the oil and gas industry. One of its operating segments is "Fluids Systems." Newpark uses Fluid Service Technicians ("FSTs") to work on various projects. It is undisputed that some FSTs are classified as employees of Newpark, while others are classified as

independent contractors. Newpark has presented evidence that each of its projects is unique and requires different skill sets and experience that can be provided most efficiently by independent contractors.

Plaintiff, who was classified by Newpark as an independent contractor FST, filed this lawsuit under the FLSA alleging that he worked in excess of forty hours per week and was not paid overtime wages for the hours in excess of forty. Plaintiff now seeks conditional certification of a class comprised of all those FSTs who were classified as independent contractors by Newpark and were paid on a day-rate basis. Plaintiff, in support of his Motion, submitted his own affidavit and the affidavits of three other FSTs who were classified as independent contractors. The Motion has been fully briefed and is now ripe for decision.

## II. APPLICABLE LEGAL PRINCIPLES

### A. FLSA Obligations

The FLSA provides that "no employer shall employ any of his ***employees*** . . . for a workweek longer than forty hours unless such ***employee*** receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (emphasis added). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that

there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). As a result, a fundamental requirement of an FLSA claim is that the plaintiff be an employee of the defendant during the relevant time periods.

### B. Standard for Conditional Certification

When considering whether to certify a lawsuit under the FLSA as a collective action, courts in this federal district generally use a "two-step *ad hoc* approach." *See Walker v. Honghua Am., LLC,* 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012); *Jones v. Xerox Commercial Solutions, LLC*, 2013 WL 5945652 at *3 (S.D. Tex. Nov. 6, 2013). At the first stage, the Court decides whether to issue notice to potential class members. *Walker*, 870 F. Supp. 2d at 465. The second stage occurs when discovery is largely complete and the defendant moves to "decertify" the conditionally certified class. *Id.* at 466. "Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010).

At the notice stage, the Court's decision is generally based on the pleadings, affidavits, and other limited evidence. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995); *Walker*, 870 F. Supp. 2d at 465. At this stage, the plaintiff is required to show that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Walker*, 870 F. Supp. 2d at 465-66; *see also Andel v. Patterson-UTI Drilling Co., LLC*, 280 F.R.D. 287, 289 (S.D. Tex. 2012). "Although collective actions under the FLSA are generally favored, the named plaintiff(s) must present some factual support for the existence of a class-wide policy or practice." *Carey v. 24 Hour Fitness USA, Inc.*, 2012 WL 4857562, at *1 (S.D. Tex. Oct. 11, 2012) (citing *Walker*, 870 F. Supp. 2d at 466).

To be "similarly situated," there must be "substantial allegations that potential members 'were together the victims of a single decision, policy, or plan.'" *McKnight*, 756 F. Supp. 2d at 801 (quotations and citations omitted). Certification should be denied "'if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *Id.* (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). Where minimal evidence is advanced at the notice stage, the conditional class determination "is made

using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in. *See id.* (quoting *Mooney*, 54 F.3d at 1214 n.8); *see also Walker*, 870 F. Supp. 2d at 465.

## III. ANALYSIS

As noted above, to obtain conditional certification of this case as a collective action, Plaintiff must demonstrate that he and those he seeks to include in the collective action are similarly situated *in relevant respects given the claims and defenses asserted*. *See Andel*, 280 F.R.D. at 289. In this case, Plaintiff asserts an FLSA claim that he was improperly classified as an independent contractor rather than as an employee of Newpark. At the appropriate time, Plaintiff will bear the burden to prove that he was, in fact, an employee entitled to pursue an FLSA claim. *See Johnson*, 758 F.3d at 630. Therefore, in order to obtain conditional certification, Plaintiff must demonstrate that he and those he seeks to include in the collective action are similarly situated in respects relevant to whether they were employees of Newpark. In this regard, as stated above, certain FSTs were classified by Newpark as employees and others were classified as independent contractors. Therefore, there is no evidence that Newpark had a general policy or practice to classify all FSTs as independent contractors.

To determine if a worker qualifies as an employee for purposes of an FLSA claim, the Court will focus on "whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). For purposes of this inquiry, the Court will consider five factors: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id*. No single factor is determinative." *Id.* These factors are non-exhaustive and are, instead, tools "used to gauge the economic dependence of the alleged employee," and they "must be applied with this ultimate concept in mind." *Id*. "The determination of whether an individual is an employee or independent contractor is highly dependent on the particular situation presented." *Thibault v. Bellsouth Telecomms., Inc.*, 612 F.3d 843, 848 (5th Cir. 2010).

Plaintiff argues that the Court should not consider the "economic realities" test at the conditional certification stage. In support of his argument, Plaintiff cites, *inter alia*, two cases from this federal district: *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856 (S.D. Tex. 2012); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462 (S.D.

Tex. 2012). In each of these cases, the district court noted that there was a split of authority regarding whether "to apply" the economic realities factors at the conditional certification stage. *See Heeg*, 907 F. Supp. 2d at 462; *Walker*, 970 F. Supp. 2d at 470. In neither case did the district court reject the sound reasoning in *Andel v. Patterson-Uti Drilling Co., LLC*, 280 F.R.D. 287 (S.D. Tex. 2012).

Moreover, in both *Heeg* and *Walker*, the district court noted that the plaintiff had presented evidence that the economic realities factors were similar for each of the putative class members. *See Heeg*, 907 F. Supp. 2d at 864-65; *Walker*, 870 F. Supp. 2d 471. Therefore, in *Heeg* and *Walker*, the plaintiff presented evidence that, for the preliminary purposes of conditional class certification, the putative class members were similarly situated in relation to the economic realities factors – the "relevant respects given the claims and defenses asserted."

In the case before this Court, however, as in *Andel*, the record indicates that the evidence on the economic realities factors varies significantly among the putative class members, including those submitting affidavits in support of conditional certification. With reference to the degree of control factor, there is evidence that certain workers classified as independent contractors work for other companies as well as Newpark, while others may work only for Newpark. Certain FSTs at times decline work offered by Newpark, while other choose not to decline work. Some of the

putative class members work for Newpark only a few days per month with extended periods during which they perform no work for Newpark, while others work significantly more days on a project and then immediately begin work on a new project. Some workers classified as independent contractors elect to work on multiple projects and others elect to work for extended periods of time on a single project. Additionally, some putative class members have expressed a preference for independent contractor status because of the freedom it provides in negotiating day rates, choosing which work to accept and which to decline, and having the option to work for other companies in addition to Newpark.

With reference to the relative investments, some of the workers classified as independent contractors contract with Newpark through their own limited liability companies, others contract with Newpark directly as individuals, and others are supplied to Newpark through employment agencies. Defendant has presented evidence that some putative class members purchase their own equipment, such as mud kits, printers, and office equipment. Some workers classified as independent contractors use their own vehicles. Consequently, evidence regarding the relevant investment factor could vary significantly.

With reference to the whether workers' opportunity for profit or loss is determined by Newpark, the evidence indicates that each worker classified as an

independent contractor negotiates his own day rate. Defendant has presented evidence that day rates negotiated by independent contractors with Newpark can vary significantly, up to $1,100.00 per day. Indeed, the rates negotiated by Plaintiff and his affiants ranged between $405.00 per day to $995.00 per day.

With reference to the skill and initiative required for performing the job, Newpark's evidence indicates that the managers were allowed to select an independent contractor with the particular skills and experience required for a project. Specific areas of expertise include work with particular types of mud and particular types of geological formations. There is no evidence that the putative class members had sufficiently similar skills and experience.

With reference to the permanency of the relationship between Newpark and the worker, Plaintiff's evidence demonstrates that the analysis of this factor is highly individualized. For example, Plaintiff and his affiants worked for Newpark for periods of time ranging from nine months to five years. Additionally, as discussed above, putative class members worked a variety of schedules. Some worked only a few days at a time with extended periods of time during which they performed no work for Newpark. Others worked lengthy periods of time with short breaks in service.

The Court emphasizes that it is not applying the economic realities test at this phase to decide whether workers at Newpark were improperly classified as independent contractors. Instead, the Court is only evaluating whether Plaintiff has demonstrated that he and the putative class members are similarly situated for purposes of applying the economic realities test at the appropriate phase of this case in the future. The parties' briefing and evidence demonstrate that the putative class members' circumstances are significantly dissimilar with respect to the economic realities factors that will later need to be analyzed for FLSA coverage purposes to determine whether a worker was improperly classified by Newpark as an independent contractor. This need for individualized analysis "eviscerates all notions of judicial economy that would otherwise be served by conditional class certification." *See Demauro v. Limo, Inc.*, 2011 WL 9191, *3-*4 (N.D. Fla. Jan. 3, 2011); *see also Andel*, 280 F.R.D. at 295.

## IV. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court concludes that the future resolution of whether those FSTs who were classified as independent contractors were actually employees for purposes of the FLSA will require individual analysis as to each FST so classified. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Conditional Certification and for Notice to Putative Class Members [Doc. # 19] is **DENIED**.

Signed at Houston, Texas, this **19th** day of **March, 2015.**

Nancy F. Atlas
United States District Judge