IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSH CHRISTIANSON, Individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br><br>v.<br><br>NEWPARK DRILLING FLUIDS, LLC,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-14-3235 |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Reconsideration ("Motion") [Doc. # 34] filed by Plaintiff Josh Christianson. The Court has reviewed the Motion and concludes that no response from Defendant is required. The Court **denies** Plaintiff's Motion for Reconsideration.

## I.　BACKGROUND

Newpark is a corporation that provides products and services to the oil and gas industry. One of its operating segments is "Fluids Systems." Newpark uses Fluid Service Technicians ("FSTs") to work on various projects. Some FSTs are classified as employees of Newpark, while others are classified as independent contractors. Plaintiff, who was classified by Newpark as an independent contractor FST, filed this

lawsuit under the FLSA alleging that he worked in excess of forty hours per week and was not paid overtime wages for the hours in excess of forty.

Plaintiff filed a Motion for Conditional Certification of a class comprised of all those FSTs who were classified as independent contractors by Newpark and were paid on a day-rate basis. By Memorandum and Order [Doc. # 29] entered March 19, 2015, the Court denied the Motion for Conditional Certification. Plaintiff filed a Motion for Reconsideration, which the Court denies.

## II.   STANDARD FOR RECONSIDERATION

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr.*

*& Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)). A Rule 59(e) motion "cannot be used to argue a case under a new legal theory." *Id*. (citing *Ross*, 426 F.3d at 763).

### III. ANALYSIS

A careful reading of the Court's Memorandum and Order refutes Plaintiff's arguments in the Motion for Reconsideration. Plaintiff argues that the Court "overlooked the lenient conditional certification standards." *See* Motion, p. 2. To the contrary, the Court noted specifically that "the conditional class determination is made using a fairly lenient standard." *See* Memorandum and Order, pp. 4-5 (citing *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995))). The Court then applied the "fairly lenient standard" to determine whether Plaintiff demonstrated that the putative class members were "similarly situated in relevant respects given the claims and defenses asserted." *See id.* at 5-10.

Plaintiff complains also that the Court's prior ruling "sent a message to oil and gas companies nationwide that they can avoid the implications of the FLSA, deny their workers access to critical benefits and protections (including valuable overtime compensation), and save on large amounts of administrative costs simply by

classifying their workers as independent contractors, in sharp contradiction to the directives of the Department of Labor and state revenue agencies." *See* Motion, p. 19. Plaintiff's argument is not supported by the Court's Memorandum and Order. The Court did not send any message to oil and gas companies – nationwide or otherwise. Instead, the Court ruled that Plaintiff failed in this case to demonstrate that the putative class members were similarly situated for purposes of deciding whether to conditionally certify a class under the FLSA. This analysis requires assessment of whether the putative class members are similarly situated with reference to the employee/independent contractor "economic realities" test.[1]

Plaintiff also argues that the Court should reconsider its denial of conditional certification in order to serve the "remedial purposes of the FLSA." *See* Motion, p. 21. The Court in its Memorandum and Order recognized that "collective actions under the FLSA are generally favored." *See* Memorandum and Order, p. 4. Plaintiff argues correctly that a collective action generally benefits plaintiffs by providing for

---

[1] To determine if a worker qualifies as an employee for purposes of an FLSA claim, the Court will, at an appropriate time, focus on "whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). For purposes of this "economic realities" test, the Court will consider five non-exhaustive factors: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id*. No single factor is determinative." *Id*.

lower individual costs and benefits the judicial system by allowing efficient resolution of common issues. *See* Motion, p. 21. In this case, however, "the need for individualized analysis [of the economic realities factors] 'eviscerates all notions of judicial economy that would otherwise be served by conditional class certification.'" *See* Memorandum and Order at 10 (quoting *Demauro v. Limo, Inc.*, 2011 WL 9191, *3-*4 (N.D. Fla. Jan. 3, 2011), and citing *Andel v. Patterson-UTI Drilling Co.*, 280 F.R.D. 287, 295 (S.D. Tex. 2012)). There is no legal basis for conditionally certifying a collective action simply because it is less expensive for putative class members where, as here, the plaintiff fails to demonstrate that they are similarly situated and where, as here, the benefits of judicial economy are absent.

The Court rejects Plaintiff's argument that the Court "prematurely evaluated whether the putative class members were employees versus independent contractors and in doing so improperly applied a merits-based decision at the notice state of conditional certification." *See* Motion, p. 5. In its Memorandum and Order, the Court noted specifically that the conditional certification stage is not "an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *See* Memorandum and Order, p. 3 (quoting *McKnight*, 756 F. Supp. at 802). The Court noted that "***[a]t the appropriate time***, Plaintiff will bear the burden to prove that he was, in fact, an employee entitled to pursue an FLSA

claim." *Id.* at 5 (emphasis added). At the conditional certification stage, the Court found only that "the evidence on the economic realities factors varies significantly among the putative class members, including those submitting affidavits in support of conditional certification." *See id.* at 7. Most importantly, the Court specifically emphasized that it was "not applying the economic realities test at this phase to decide whether workers at Newpark were improperly classified as independent contractors[, but was] only evaluating whether Plaintiff has demonstrated that he and the putative class members are similarly situated for purposes of applying the economic realities test at the appropriate phase of this case in the future." *Id.* at 10. Plaintiff's argument that the Court prematurely decided whether the putative class members were employees or independent contractors is clearly refuted by a careful reading of the Court's Memorandum and Order.

## IV. CONCLUSION AND ORDER

Plaintiff has failed to establish manifest error of law or fact in the Court's prior Memorandum and Order, and has failed to present newly-discovered evidence. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 24] is **DENIED**.

Signed at Houston, Texas, this **1st** day of **April, 2015.**

P:\ORDERS\11-2014\3235MR.wpd   150401.1054

6

Nancy F. Atlas
United States District Judge